UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 05 025 ML

| | | |
|---|---|---|
| LITTLE KIDS, INC., Plaintiff | : | |
| v. | : | C.A. No. |
| LINE DRIVE SPORTS, INC., and PASQUALE M. VITALE, | : | Jury Trial Demanded |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Nature of the Action

1. This civil action arises under 28 U.S.C. § 2201 et seq, and is for declaratory judgment that Plaintiff's game ball products do not infringe Defendants' United States Letter Patent No. 5,280,906.

### Parties

2. Plaintiff Little Kids, Inc. ("Little Kids") is a Rhode Island corporation with a principal place of business located at 225 Chapman Street, Suite 202, Providence, Rhode Island 02905. Little Kids is a citizen only of the State of Rhode Island.

3. Plaintiff is informed and believes that Defendant Line Drive Sports, Inc. ("Line Drive") is a business entity formed under the laws of the Commonwealth of Massachusetts, having a principal place of business in Reading Massachusetts, and is an assignee of U.S. Patent 5,280,906, titled "Performance Game Ball" granted to Pasquale M. Vitale (the "Vitale Patent").

4. Little Kids is informed and believes that Defendant Pasquale M. Vitale ("Vitale") is an individual residing in Arlington, Massachusetts, and is the inventor named in the Vitale Patent.

1

5. Little Kids is informed and believes that Vitale is an officer, shareholder, agent or alter ego of Line Drive, and acted on its behalf in the matters set forth herein.

Jurisdiction And Venue

6. This Honorable Court has original subject-matter jurisdiction of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

7. Plaintiff is informed and believe this Court may properly exercise its in personam jurisdiction over each Defendant because each Defendant, as more fully described below, has transacted business related to this controversy in this judicial district by offering the Vitale Patent for license, or for sale to Plaintiff within this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

Claim

9. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 8 of this Complaint.

10. Little Kids is informed and believes that Vitale and/or Line Drive own the Vitale Patent.

11. Beginning in 1998, Vitale met with Little Kids in Providence, Rhode Island, and offered Little Kids rights in the Vitale Patent.

12. Such meetings between Vitale and Little Kids occurred in Providence, Rhode Island, on or about November 24, 1998, December 4, 1998, January 12, 1999 and February 8, 1999.

13. Little Kids offered to purchase the assets of Line Drive, including all rights in the Vitale Patent, which offer Vitale declined.

14. Little Kids turned its attention to other projects and away from developing or marketing a game ball.

15. Little Kids hired an engineer/product developer in 2004 ("Little Kids Inventor"), who began developing a new game ball and alternative versions.

16. After inventing a new game ball with adjustable apertures known as the "Little Kids Junk Ball," the Little Kids Inventor was informed of the Vitale Patent. The Little Kids Inventor continued and continues to date to develop alternative Little Kids Junk Ball products ("Little Kids Junk Ball Alternatives").

17. Little Kids sought and obtained opinion of counsel that the Little Kids Junk Ball did not infringe the Vitale Patent.

18. Vitale visited Little Kids in Providence on or about May 11, 2004 to discuss the possibility of doing business with Little Kids concerning the Vitale Patent.

19. Little Kids declined Vitale's May, 2004 offer of the Vitale Patent, and told Vitale that it was developing its own line of game balls.

20. Vitale, in Providence, in May, 2004 offered to assist Little Kids in the development of Little Kids' new game ball. Little Kids declined Vitale's offer to assist in development of Little Kids' new game ball.

21. In January, 2005, Little Kids exhibited samples of the Little Kids Junk Ball.

22. In January, 2005, Vitale called Little Kids, in Providence and told Little Kids that Vitale had seen the Little Kids Junk Ball, and that Vitale had consulted with his attorneys, who characterized the Little Kids Junk Ball as a "slam dunk" infringement of multiple claims of the Vitale Patent.

23. Little Kids has reaffirmed its attorney's opinion that the Little Kids Junk Ball does not infringe the Vitale Patent.

24. Little Kids is now shipping the Little Kids Junk Ball to customers, is creating Little Kids Junk Ball Alternatives, and requires a speedy determination that the Little Kids Junk Ball and Little Kids Junk Ball Alternatives do not infringe the Vitale Patent.

25. There is now existing between the parties involved in this proceeding an actual, justiciable controversy in which Plaintiff is entitled to have a declaration of its rights and further relief, including injunctive relief, due to the facts, conditions, and circumstances set forth in this Complaint.

26. Specifically, Little Kids believes that the Little Kids Junk Ball and Little Kids Junk Ball Alternatives do not infringe the Vitale Patent. Vitale asserts that the Little Kids Junk Ball infringes the Vitale Patent, and, Little Kids is informed and believes, will assert that the Little Kids Junk Ball Alternatives infringe the Vitale Patent.

PRAYERS FOR RELIEF

WHEREFOR, Plaintiff prays for relief against Defendants as follows:

A. For judgment declaring that the Little Kids Junk Ball and Little Kids Junk Ball Alternatives do not directly infringe, induce the infringement of, or contributorily infringe United States Letters Patent No. 5,280,906, the Vitale Patent.

B. For a preliminary and permanent injunction enjoining Defendants, Line Drive's officers, and Defendant's respective agents, servants, representatives, employees, attorneys, privies, successors and assigns, and all persons and entities holding by, through, or under them, and all those acting for them or on their behalf, or acting in concert with them, from directly or indirectly asserting that any of the Little Kids Junk Ball or the Little Kids Junk Ball Alternatives infringe United States Letter Patent No. 5,280,906, the Vitale Patent.

C. For Plaintiff's costs, expenses, and attorneys fees in this action.

D. For such other, further and different relief as the Court deems just and proper.

Demand for Jury Trial

Little Kids demands a trial by jury for all claims for which a jury trial is available.

LITTLE KIDS, INC.
By Its Attorneys,

Richard D. Zimmerman (#4043)
Douglas J. Emanuel (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

Dated: January 25, 2005

DISTRICT OF RHODE ISLAND
DISTRICT COURT
05 JAN 25 P 3:25
FILED